Citation Nr: 1607914 
Decision Date: 02/29/16 Archive Date: 03/04/16

DOCKET NO. 09-35 735 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for hypertension, to include as secondary to diabetes mellitus, type II.

2. Entitlement to a schedular evaluation in excess of 20 percent for diabetes mellitus, type II.

3. Entitlement to an extra-schedular evaluation for diabetes mellitus, type II.
 
4. Entitlement to a total disability evaluation based on individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Appellant represented by: The American Legion



ATTORNEY FOR THE BOARD

K. R. Fletcher, Counsel


INTRODUCTION

The Veteran had active military service from January 1969 to November 1971.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a September 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. This matter was before the Board in March 2014 when it was remanded for additional development.

A September 2014 rating decision granted service connection for bilateral hearing loss and tinnitus. As these determinations constitute a full grant of the benefits sought as to the claims, the issues are no longer in appellate status. See Grantham v. Brown, 114 F.3d. 1156 (Fed. Cir. 1997).

A February 2015 rating decision granted service connection for right and left lower extremity diabetic sensory polyneuropathy. The Veteran has not appealed this determination and therefore it is not for consideration by the Board. 

The issue of entitlement to service connection for sleep apnea, to include as secondary to diabetes mellitus, type II, has been raised by the record in a February 2015 statement, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015). 

The Board has reviewed the Veteran's claims file and the records maintained in the Virtual VA (VVA) and Veterans Benefits Management System (VBMS) paperless claims processing systems.

The issue of entitlement to an increased schedular rating for diabetes mellitus, type II, is decided herein. The remaining issues are addressed in the REMAND portion of the decision below and are REMANDED to the AOJ. VA will notify the appellant if further action on his part is required.


FINDING OF FACT

For the period of the appeal, diabetes mellitus, type II, has required a restricted diet and the use of an oral hypoglycemic agent, but no regulation of activities.


CONCLUSION OF LAW

The criteria for a schedular rating in excess of 20 percent for diabetes mellitus, type II, have not been met or approximated. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 4.7, 4.119, Diagnostic Code 7913 (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

VA has a duty to notify and a duty to assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. §§ 3.159, 3.326(a).

Proper notice from VA must inform the claimant and his representative, if any, prior to the initial unfavorable decision on a claim by the AOJ of any information and any medical or lay evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006). These notice requirements apply to all five elements of a service-connection claim (veteran status, existence of a disability, a connection between the veteran's service and the disability, degree of disability, and effective date of the disability). Dingess v. Nicholson, 19 Vet. App. 473 (2006). Information that a disability rating and an effective date for the award of benefits will be assigned if service connection is awarded must be included. Id. 

Regarding the increased rating issue decided herein, neither the Veteran nor his representative has alleged prejudice with respect to notice, as is required. See Shinseki v. Sanders, 129 S. Ct. 1696 (2009). None is found by the Board.

The record reflects that the Veteran was provided all required notice by correspondence dated in March 2008, prior to the initial adjudication of the claim in September 2008. The letter informed him of what evidence was required to substantiate the claim and of his and VA's respective duties for obtaining evidence.

VA's duty to assist has also been met. All appropriate development to obtain the Veteran's available, pertinent medical records has been completed. In this regard, service treatment records (STRs) and all identified, available post-service treatment records, including private, VA and Social Security Administration (SSA) records, have been obtained. The Veteran has not identified any pertinent, outstanding records that could be obtained to substantiate his claim. The Board is also unaware of any such records. 

Most recently, as directed by the March 2014 Board remand, VA treatment records dated through February 2015 were obtained. Additionally, the Veteran was afforded the appropriate VA examination for his diabetes claim in September 2014. The examination is adequate as the examiner reviewed the relevant medical history, considered the Veteran's lay history, and provided opinions with supporting rationale and citation to the evidence. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). Accordingly, the Board finds that there has been substantial compliance with its remand directives. See D'Aries v. Peake, 22 Vet. App. 97, 105 (2008). 

VA's duties to notify and assist are met. Accordingly, the Board will address the merits of the claim.


II. Legal Criteria

Disability ratings are determined by the application of VA's Schedule for Rating Disabilities. 38 C.F.R. Part 4. The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and their residual conditions in civil occupations. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1.

Where there is a question as to which of two ratings shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.

Consideration of factors wholly outside the rating criteria constitutes error as a matter of law. Massey v. Brown, 7 Vet. App. 204, 207-08 (1994). Evaluation of disabilities based upon manifestations not resulting from service-connected disease or injury and the pyramiding of ratings for the same disability under various diagnoses is prohibited. 38 C.F.R. § 4.14.

Diabetes mellitus is rated under Diagnostic Code 7913, which provides a 10 percent rating when the disease is managed by a restricted diet only; a 20 percent rating when insulin and a restricted diet, or an oral hypoglycemic agent and a restricted diet are required; a 40 percent rating when insulin, a restricted diet, and regulation of activities are required; a 60 percent rating when insulin, a restricted diet and regulation of activities are required, along with episodes of ketoacidosis or hypoglycemic reactions requiring one or two hospitalizations per year or twice a month visits to a diabetic care provider, plus complications that would not be compensable if separately evaluated. Diabetes mellitus requiring more than one daily injection of insulin, restricted diet, and regulation of activities with episodes of ketoacidosis or hypoglycemic reactions requiring at least three hospitalizations per year or weekly visits to a diabetic care provider, plus either progressive loss of weight and strength or complications that would be compensable if separately rated, is rated at 100 percent. Compensable complications of diabetes are evaluated separately unless they are part of the criteria used to support a 100 percent evaluation. 38 C.F.R. § 4.119. Noncompensable complications are considered part of the diabetic process under Diagnostic Code 7913. See Note 1 to Diagnostic Code 7913. 

VA regulation provides that it is not expected that all cases will show all the findings specified; however, findings sufficiently characteristic to identify the disease and the disability therefrom and coordination of rating with impairment of function will be expected in all instances. 38 C.F.R. § 4.21. The United States Court of Appeals for Veterans Claims (Court) has held that 38 C.F.R. § 4.21 has no application when rating diabetes mellitus. See Camacho v. Nicholson, 21 Vet. App. 360 (2007). The rating criteria for diabetes mellitus employ the word "and" between different criterion for each disability rating higher than 10 percent.

The Court upheld the Board's interpretation of conjunctive joining (use of the word "and") of criteria for a given rating as meaning that all of the criteria so joined were necessary in order to award the rating. Id. at 366. Specifically, the Court explained that "if taking insulin and having a restricted diet were sufficient to support a 40 [percent] disability rating without restriction of activities, then there would be no reason for "insulin and restricted diet" to be one of the two ways to qualify for a 20 [percent] rating." Id. Such "successive rating criteria" are those where the criteria for a given higher rating includes the criteria for each lower rating, which means that if one of the criterion for a given rating was not present the Veteran could only receive a rating at a level that did not require that missing criterion. See Tatum v. Nicholson, 23 Vet. App. at 156 (2009). 

In Camacho, the Court also held "that medical evidence is required to support a finding that a claimant's diabetes requires regulation of activities." Camacho, 21 Vet. App. at 364. 

At the time of an initial rating, separate ratings can be assigned for separate periods of time based on the facts found-a practice known as "staged" ratings. Fenderson v. West, 12 Vet. App. 119 (1999). The Court has held that "staged" ratings are appropriate for an increased rating claim where the factual findings show distinct time periods when the service-connected disability exhibits symptoms that would warrant different ratings. Hart v. Mansfield, 21 Vet. App. 505 (2007). 

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under laws administered by VA. VA shall consider all information and lay and medical evidence of record in a case before VA with respect to benefits under laws administered by VA. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall resolve reasonable doubt in favor of the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518 (1996).

III. Factual Background and Analysis

Initially, the Board notes that it has reviewed all of the evidence in the Veteran's electronic claims file, with an emphasis on the evidence relevant to this appeal. Although the Board has an obligation to provide reasons and bases supporting its decision, there is no need to discuss, in detail, every piece of evidence of record. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (holding that VA must review the entire record, but does not have to discuss each piece of evidence). Hence, the Board will summarize the relevant evidence where appropriate and the Board's analysis below will focus specifically on what the evidence shows, or fails to show, as to the claim.

Historically, the Veteran served in Vietnam and had diabetes mellitus first diagnosed following service, in 1998. He was prescribed an oral hypoglycemic agent. A November 2003 rating decision granted service connection for diabetes mellitus, type II, based on presumed exposure to herbicides in Vietnam, rated 20 percent disabling. 

The Veteran submitted a claim for increased rating in March 2008. 

VA outpatient treatment records show that the Veteran was started on insulin in June 2008.

An August 2008 VA examination report notes that the Veteran was noncompliant with his diet. He reported swimming three times per week for exercise. He also did household chores, pool maintenance and yard work. The Veteran was taking oral medication (metformin and glipizide), as well as insulin (novolin), for his diabetes mellitus. The examiner stated that there were no reports of restricted activities, hypoglycemic ketoacidotic episodes, or hospitalizations associated with the Veteran's diabetes. He did not report any history of retinopathy, neurological problems, or erectile dysfunction. No other secondary complications of diabetes were demonstrated.

Outpatient treatment records dated from 2008 to 2014 note that the Veteran remained on insulin and oral hypoglycemic agents for treatment of diabetes mellitus. No regulation of activities was noted. 

A September 2014 VA examination report notes the Veteran's history of diabetes mellitus, type II, since the 1990's. The examiner noted that the Veteran was taking oral hypoglycemic agents and insulin, but required no regulation of activities. He had not been hospitalized for an episode of ketoacidosis in the past year. His diabetic complications consisted entirely of his (service-connected) diabetic peripheral neuropathy of the lower extremities. No other secondary complications of diabetes were demonstrated.

The evidence demonstrates that the Veteran's diabetes mellitus, type II, has been treated with diet, insulin and oral hypoglycemic agents for the entire appeal period. The diabetes mellitus, however, did not require any regulation of activities. The evidence shows that the Veteran's diabetes mellitus has not more nearly approximated the criteria for a 40 percent rating than those for a 20 percent rating at any time during the period of the appeal. See Hart, supra. Notably, ratings in excess of 40 require all that is necessary for a 40 percent rating plus additional manifestations and impairment. 

Because the evidence in this case is not approximately balanced with regard to this issue, the benefit-of-the-doubt doctrine does not apply, and the claim for a higher schedular rating for diabetes mellitus must be denied. See Gilbert, supra.


ORDER

A schedular evaluation in excess of 20 percent for diabetes mellitus, type II, is denied.


REMAND

The Board's review of the record reveals that further development is warranted before the remaining claims on appeal are decided. As these issues must be remanded, efforts should be made to obtain all outstanding records pertinent to the issues on appeal, including VA treatment records for the period from February 2015 to the present.

Service Connection for Hypertension

The Veteran claims that his hypertension is secondary to his service-connected diabetes mellitus. See March 2008 Report of Contact and October 2008 Notice of Disagreement.

There is not an adequate opinion as to whether hypertension was caused and/or aggravated by service-connected diabetes mellitus, type II. Although the Veteran underwent a VA examination in September 2014, the opinion does not contain sufficient rationale and does not contain sufficient detail to decide the claim on appeal. See Barr v. Nicholson, 21 Vet. App. 303, 311-12 (2007). Moreover, the Veteran's representative subsequently submitted treatise evidence in February 2016 in support of secondary service connection. On remand, a new opinion should be obtained.

Extra-Schedular Rating for Diabetes Mellitus, Type II

In Johnson v. McDonald, the United States Court of Appeals for the Federal Circuit (Federal Circuit) rejected VA's interpretation that 38 C.F.R. 3.321(b)(1) only contemplates that referral for extra-schedular consideration be made on an individual basis for each service-connected disability to determine if the disability picture rendered the schedular evaluation inadequate, and not on a collective basis. Johnson v. McDonald, 762 F.3d 1362 (Fed. Cir. 2014). In Johnson, the Federal Circuit determined that extra-schedular consideration required consideration of the "collective impact" of the Veteran's service-connected disabilities in assessing the disability picture and whether it rendered the schedular criteria inadequate such that referral to the Director of the VA Compensation Service for extra-schedular consideration under 38 C.F.R. § 3.321(b)(1) is warranted.

In the present case, the Veteran is service-connected for tinnitus, left lower extremity diabetic sensory polyneuropathy, right lower extremity diabetic sensory polyneuropathy and bilateral hearing loss, in addition to his diabetes mellitus, type II. Accordingly, in light of Johnson, remand is appropriate so that the AOJ can determine if referral for an extra-schedular evaluation is warranted. 

TDIU

In a February 2008 TDIU application, the Veteran indicated that he was unable to continue working as an air conditioning tech due to his diabetes mellitus. Various medical records and statements also show that the Veteran is claiming that he is unable to work because of all his service-connected disabilities (tinnitus, left lower extremity diabetic sensory polyneuropathy, right lower extremity diabetic sensory polyneuropathy and bilateral hearing loss, in addition to his diabetes mellitus).

As the service connection and increased rating issues being remanded are inextricably intertwined with the issue of entitlement to a TDIU, they must be adjudicated prior to further consideration of the TDIU issue. Harris v. Derwinski, 1 Vet. App. 180 (1991).

Accordingly, the case is REMANDED for the following action:
 
1. Undertake appropriate development to obtain any outstanding records pertinent to the Veteran's claims, to include VA treatment records for the period from February 2015 to the present.

2. Following completion of the above, obtain an opinion as to the etiology of the Veteran's hypertension from a qualified VA medical professional. An examination should only be scheduled if the medical professional deems it necessary. 

The VA medical professional should review the Veteran's claims file and determine whether it is at least as likely as not (a 50 percent probability or greater): 

(a) that the Veteran's hypertension is related to his military service; or

(b) that the Veteran's hypertension was caused by his service-connected diabetes mellitus, type II, or

(c) that the Veteran's hypertension was aggravated by his service-connected diabetes mellitus, type II. 

The term "aggravated" in the above context refers to a permanent worsening of the underlying condition, as contrasted to temporary or intermittent flare-ups of symptomatology which resolve with return to the baseline level of disability. 

The examiner should address the treatise evidence submitted by the Veteran's representative in February 2016.

Any opinion offered should be accompanied by a clear rationale consistent with the evidence of record. If an opinion cannot be provided without resorting to mere speculation, then a detailed medical explanation as to why causation is unknowable must be provided. In so doing, the medical professional shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question(s).

3. Also, in accordance with the decision in Johnson v. McDonald, 762 F.3d 1362 (Fed. Cir. 2014), the AOJ should determine if referral to the Director of Compensation Service for extra-schedular consideration under 38 C.F.R. § 3.321(b)(1) is necessary based on the collective impact of the Veteran's service-connected disabilities on his disability picture and whether it renders the schedular evaluations inadequate. 

If the AOJ determines that referral for extra-schedular consideration under 38 C.F.R. § 3.321(b)(1) is necessary, such referral should be made.
 
4. After undertaking any further development deemed warranted (to include obtaining any treatment records or medical opinions), readjudicate the Veteran's claims. If any benefit sought on appeal is not granted to the Veteran's satisfaction, he and his representative should be provided with a Supplemental Statement of the Case and afforded the appropriate opportunity to respond thereto before the case is returned to the Board for further appellate action.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
BARBARA B. COPELAND
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs